UNITED STATES of America, Plaintiff,

v.

Donald MOORE, Defendant.

No. 1:89CR085–S.

United States District Court,
N.D. Mississippi, E.D.

July 7, 1993.

Alfred E. Moreton, III, U.S. Atty., John Marshall Alexander, Asst. U.S. Atty., Oxford, MS, for plaintiff.

William R. Fortier, Ripley, MS, for defendant.

## ORDER REVOKING PROBATION

SENTER, Chief Judge.

This cause is before the court on the motion of the United States of America for revocation of the probationary status of the defendant, Donald Moore.

### Facts

On October 25, 1989, the defendant was sentenced to a term of probation for three years, one month of which was to be served at a community corrections center. As a special condition, the defendant was ordered to pay $13,200.00 restitution to the Motion Picture Association of America through the United States Attorney's Office.

The parties entered an agreed stipulation as to the following: The defendant filed a Chapter 7 Bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Mississippi in Case No. 89-11452 on June 23, 1989. On November 8, 1989, he filed his amended schedule A-3 in his bankruptcy proceeding, on advice of his counsel, adding as creditors to the bankruptcy action the Motion Picture Association of America and the United States Probation Service for the amount of the restitution, $13,200.00. Neither the Motion Picture Association nor the Probation Service filed a proof of claim in the bankruptcy action. Defendant was then discharged in his bankruptcy action on November 30, 1989.

On the legal advice of the attorney representing him in his bankruptcy action that the restitution of $13,200.00 owed to the Motion Picture Association was a dischargeable debt and had been discharged in the bankruptcy action, defendant did not pay any restitution despite his probation officer's instructions that the restitution was owed.

### Discussion

Section 523(a)(7) of the Bankruptcy Code protects from discharge any debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a government unit, and is not compensation for actual pecuniary loss." The defendant incorrectly argues that the restitution in this case is dischargeable since the Motion Picture Association is not the government and therefore would not fall under the § 523(a)(7) nondischargeable penalty category.

■ The United States Supreme Court held in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), that an order of payment of restitution was not dischargeable in a Chapter 7 bankruptcy. The language of the Court's decision explicitly indicates that restitution is not a means of payment to a victim, but a punishment to the defendant.

> The criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole. Thus, it is concerned not only with punishing the offender, but also with rehabilitating him. Although restitution does resemble a judgment "for the benefit of" the victim, the context in which it is imposed undermines that conclusion.

*Kelly*, 479 U.S. at 52, 107 S.Ct. at 362. An order of payment of restitution to a government entity or common citizen falls within the perimeters of § 523(a)(7) and is not dischargeable.

■ This court now must consider whether there has been a violation of the conditions of probation. As an excuse for his failure to pay the restitution, the defendant relies heavily "on advise of his counsel" as the reason for having included the court ordered restitution in his bankruptcy petition. For counsel to file a bankruptcy petition to seek discharge of court imposed restitution after the client has plead guilty, even if ignorant of *Kelly*, appears to be a failure to fully inform the Bankruptcy court of the origin of the debt. It appears to the court that the defendant, after having been leniently sentenced to probation, accepted his attorney's advice in order to walk away from his transgressions unscathed.

United States Probation Officer Derrell L. Doss stated that the defendant did not make any attempt to secure employment in order to pay the court ordered restitution. The defendant failed to contact the Mississippi Employment Services Commission for the Tippah County area. The defendant did not apply with several possible job opportunities

which had been provided to him. The defendant has made no effort to pay restitution. The defendant has willfully ignored a condition of his probation. The defendant's excuse for his failure to act is not reasonable. *See United States v. Caddell,* 830 F.2d 36 (5th Cir.1987).

Accordingly, it is ordered:

That the previously imposed period of probation is hereby revoked and the defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of three (3) months;

That upon release from imprisonment, the defendant shall be on supervised release for a term of twelve (12) months;

That the defendant shall pay court ordered restitution in the amount of $13,200.00 to the Motion Picture Association of America;

Such other conditions of sentence shall be addressed in subsequent orders of the court.

SO ORDERED.